[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT (#114)
On August 16, 1993, a judgment of strict foreclosure was entered and law day set for September 16, 1993 for the defendants Tom G. Zappulla, Gary Eucalitto and JGL Realty owners of the equity of redemption. At the time of entry of the judgment, the debt was found to be $231,979.51, attorneys fees of $2,145.00, and costs of $1,187.50. Title vested in the plaintiff on September 15, 1993. The plaintiff has now moved for a deficiency judgment.
The plaintiff offered the testimony of Donald A. Stern who appraised the property as of September 15, 1993 at $170,000.00. This is the same value he placed on the property on July 5, 1993. His "updated" appraisal is identical with the original one. Mr. Stern failed to include two comparable sales in his appraisal and file to determine the highest and best use for the property. The court rejects the opinion of value of the plaintiff's expert. The plaintiff therefore failed to satisfy its burden of proof by providing credible evidence of the fair market value of the property on the date title vested.
Connecticut's deficiency judgment statute, General Statutes 49-14, is the requirement than the party seeking a deficiency judgment satisfy her burden of proof regarding the fair market value of the property as of the date title vests in her. Eichman v. J J Building Company, 216 Conn. 443, 445 (1990). In Eichman, the trial court heard expert testimony from two appraisers, one for the plaintiff and one for the defendant. The CT Page 2842 trial court expressly found that neither experts' testimony was credible and ruled that the plaintiff had not satisfied her burden of proof to establish the value of the property, denying the motion for a deficiency judgment. Eichman, 216 Conn. 443.
The phrase "burden of proof" is commonly used both to refer to the burden of persuasion imposed on parties to an action and also to the burden of producing sufficient evidence to establish a prima facie case. Tait LaPlante, Connecticut Evidence (2d Ed. 1988), sec. 4.1, p. 67.
Eichman v. J J Building Company, supra 445 used the phrase "burden of proof" in the sense of the plaintiff's obligation to produce sufficient evidence to establish the value of the property, as the following passages indicate:
 Implicit in the purpose of the statute is the initial prerequisite that the plaintiff provide the court with sufficient evidence to demonstrate that she is entitled to a deficiency judgment. (Emphasis added)
216 Conn. 443 at 450.
 As a necessary element of her claim for a deficiency judgment, the plaintiff was required to prove that the property was worth less than the amount of the debt on the date of the vesting of title. She therefore had the burden of presenting sufficient evidence for the trial court to determine the value of the property on that date. (Citation omitted). She failed to do so. (Emphasis added)
216 Conn. 443 at 451.
This court could have addressed the plaintiff's CT Page 2843 failure to produce credible evidence to satisfy its burden of proof on the fair market value of the subject premises by denying plaintiff's motion for deficiency judgment after the plaintiff produced its evidence and rested. Practice Book Sec. 302 allows a defendant to move for a dismissal after the plaintiff has produced his evidence and rested his cause. The defendants at argument on the motion for deficiency moves the court to deny the motion on the ground that the plaintiff's evidence as fair market value was not credible and therefore the plaintiff had failed to make out a prima facie case for a deficiency. This court expressed uncertainty as whether the provisions of Practice Book Sec. 302 applied to a deficiency hearing and the defendants therefore presented rebuttal expert testimony on the value of property. This court now holds that Practice Book Sec. 302 is applicable to a deficiency proceeding.
Practice Book Sec. 302 provides:
 If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made.
A hearing to determine if a deficiency exists is the ". . . trial of any issue of fact in a civil action tried to the court. . .", to which Practice Book Sec. 302 applies. A deficiency judgment is an element of damages claimed in the plaintiff's complaint. The hearing on plaintiff's motion for deficiency judgment is the trial of an issue of fact, the faces being the amount of the debt owed to the plaintiff, the fair market value of the foreclosed premises, and the resulting difference between the two. A deficiency judgment procedure does not CT Page 2844 constitute a civil action separate and distinct from the plaintiff's foreclosure action. It is only available in the context of and to the parties to that underlying foreclosure action. Conn. Gen. Stat. 49-14; Practice Book Sec. 528.
The court should have granted the defendants' motion under Practice Book Sec. 302 at the conclusion of the plaintiff's evidence. For the reasons stated the motion for deficiency judgment is denied.
PICKETT, J.